**In the United States District Court,**
**Northern District of Ohio,**
**Western Division**

| | |
|---|---|
| United States of America, | Case No. 3:19-CR-0392-04 |
| Plaintiff, | Judge James G. Carr |
| v. | **Order** |
| Daryl Castile, | |
| Defendant. | |

Pending is the Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 309). In accordance with this Court's Order, the matter was referred to the Federal Public Defender's Office for review. See, N.D. Ohio General Order 2023-20, ¶I (11/23/2023). Under this Order, counsel have the right to file a supplemental motion in support of a pro se defendant's request or, as in this case, to file a notice of intent not to supplement. *Id.* ¶V. The Federal Public Defender filed its Notice of No Intent to Supplement Defendant's Motion. (Doc. 314). The Government has filed its Response in Opposition to Defendant's Motion. (Doc. 316).

Amendment 821 of the Sentencing Guidelines authorizes resentencing of a previously sentenced defendant where: 1) at time of sentencing he received two "status points" in calculating the criminal history category; and 2) eliminating one of the status points would result in a lower category. See, Amendment 821 to U.S.S.G. (Nov. 1, 2023), amending § 4A1.1(e).

"[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if (i) none of the amendments listed in subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d) is

applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range. . . ." U.S.S.G. § 1B1.10, App. Note 1(A).

In this case, the Defendant's Offense Level was calculated to be 23 by the U.S. Pretrial Services & Probation Officer. (Doc. 152, pgID 1013). The Defendant's Criminal History Score was three, resulting in a Criminal History Category of II. (*Id.* at 1016). His resulting Guideline Range was 51-63 months. (*Id.* at 1021). However, the statutory mandatory minimum sentence for Drug Conspiracy is 120 months. On September 14, 2020, in accordance with the terms of a binding plea agreement, this Court departed from the Guideline Range and sentenced Defendant to 96 months. (Doc. 195).

In this case, Defendant does not qualify for a reduction under any provision of Amendment 821. He did not receive status points. He was not a "zero point" offender. He was subject to a mandatory minimum sentence of 120 months and received a reduced sentence.

Because the Defendant is not eligible for resentencing when applying Amendment 821, I deny the Defendant's Motion.

It is, accordingly, hereby

ORDERED THAT:

1. The Defendant's Motion to Reduce Sentence (Doc. 309) be, and the same hereby, is denied; and

2. I conclude that an appeal from this Order would have no merit; thus, payment of the requisite filing fee is required before the Defendant can maintain an appeal.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge